## LARKIN v KOCKLER

Ohio Appeals, 9th District, Summit Co

No 2460. Decided March 15, 1935

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for plaintiff in error.
F. R. Ormsby, Akron, and Wozniak & Wozniak, Akron, for defendant in error.

### OPINION

By WASHBURN, J.

The parties will be referred to as they appeared in the trial court, which is the reverse of that in which they appear in this court.

Plaintiff, Charlotte M. Kockler, received a judgment against Lena Larkin for injuries suffered while riding as a guest in the automobile of said Lena Larkin.

We find no error in the record in reference to the admission of evidence concerning skid marks on the pavement at the place of the accident.

The other and the important error complained of is that the court permitted a physician, who had examined the plaintiff

solely for the purpose of testifying as an expert, to detail before the jury subjective symptoms told to him by the plaintiff at the time of said examination, and to base his opinion in part upon such subjective symptoms.

In so far as he based his opinion upon such subjective symptoms, such symptoms had already been detailed to the jury by the plaintiff and by a physician who treated her, but the detailing of said symptoms by the expert was merely hearsay evidence, and of course it was error to admit such hearsay evidence; and the proper rules of procedure in putting questions to an expert to elicit his opinion was not in all respects followed, and that also was error.

It is true that when the expert was permitted to detail the subjective symptoms which the plaintiff had told him, the court specifically cautioned the jury that it should not consider such statements as evidence that plaintiff had such symptoms, but that such statements should be considered only for the purpose of informing the jury fully as to the basis of the expert's opinion, and that if the statements were not true, the expert's opinion would be of no value.

If the trial judge was going to permit the procedure which he did, of course such caution to the jury was commendable, but such caution did not make such evidence competent nor cure the error that was committed; hence, the important and determining question which we have to decide is, was such error prejudicial?

As has been said, the plaintiff had testified to practically all of the substantial and important symptoms which the expert was permitted to detail.

In addition to that, plaintiff had testified fully to facts and circumstances which, together with the other competent evidence in the case, if uncontradicted, and believed by the jury, justified the jury in returning a verdict as large as it did in this case; and no complaint is made concerning the correctness of the finding of the jury that the defendant is liable in this action.

The defendant offered no medical testimony in reference to the extent or consequences of plaintiff's injuries, and the testimony of only óne lay witness who referred to that subject, and she was one who was present at the time of the accident and in no particular contradicted plaintiff's testimony as to her injuries, but on the contrary, in so far as she testified on that subject, supported and strengthened the testimony of the plaintiff.

Sec 11364, GC, provides in part that "In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party," and further that, if a reviewing court, after a careful review of the record is of the opinion that "substantial justice has been done to the party complaining * * * all alleged errors occurring at the trial shall by such reviewing court be deemed not prejudicial," and such judgment under review "shall be affirmed."

In a case in which the only error found was in reference to the admission of evidence, the Supreme Court declared that—

"The salutary and enlightened provisions of §11364, GC, should serve as a powerful deterrent to all reviewing courts from reversing causes for any other reason than that the alleged error was one affecting the substantial rights of the adverse party. Applying the mandatory principles of that section it appears most clear to this court that had the two objectional questions and answers been omitted the issue involved in the controversy would not have been settled otherwise than it was."

**Dunlap, Exr., v Dunlap et, 89 Oh St 28,** at p. 33.

In 2 O. Jur., "Appeal and Error," under §§692 and 693, a very large number of cases are collected in support of the proposition that the erroneous admission of evidence ordinarily authorizes reversal only when the adverse party is, or at least may have been, prejudiced thereby.

Whether an erroneous ruling of the court on the admission of evidence is prejudicial, depends upon the particular facts of each case, and we are fully aware, from our experience, that the question of prejudice often presents a very difficult problem.

After a careful consideration of the evidence in the record, we are unanimously of the opinion that, had the error in reference to the expert's opinion not occurred, it is quite probable, if not almost certain, that the verdict would not have been any different than it was, and that such error was not prejudicial.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.